(No. 1298—

CHARLES HARNESS, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed January 15, 1929.*

DEAN G. CURRY, for claimant.

OSCAR E. CARLSTROM, Attorney General; FRANK R. EAGLETON, Assistant Attorney General, for respondent.

Mr. JUSTICE LEECH delivered the opinion of the court:

A declaration filed in this case shows that the State of Illinois had maintained and operated in the City of Lincoln, County of Logan, and State of Illinois, an institution for the treatment and care of feeble minded persons, that said institution was under the control of the Department of Public Welfare of the State of Illinois; that the said petitioner, Charles E. Harness, prior to the 5th day of November, 1927, was an employee of the said State of Illinois at such institution, as a carpenter.

That while the said Charles E. Harness was so employed and in the course of his duties as such carpenter, on or about the 5th day of November, 1927, was operating an electrical circle saw, with due and proper care for his own safety; said saw did cut, and tear the flesh and bone from the first, second, and third fingers of the left hand; necessitating the amputation of the first and second phalanges of all three fingers; that he was greatly hurt, bruised, and wounded, and was sick, sore, lame, and disordered, and remained so for a long space of time; during all of which time the petitioner suffered great pain, and was prevented from performing and transacting his affairs and business; and also, your petitioner spent large sums of money in endeavoring to be healed of said wounds and sickness.

The statements made in the above declaration were sustained by the evidence.

The Attorney General filed a statement herein setting forth the fact that the claimant received Two Hundred Sixty-

seven and 40/100 Dollars ($267.40) as salary and wages from the date of the injury until he resumed work at the institution and that the claimant has one child under the age of sixteen years dependent upon him for support.

The Attorney General recommends that the claim be allowed in accordance with the Workmen's Compensation Law.

We, therefore, allow the claim in the sum of $1,425.10.